**IN THE COURT OF APPEALS OF IOWA**

No. 25-1292
Filed October 15, 2025

**IN THE INTEREST OF H.M.,**
**Minor Child,**

**K.S., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Patrick J. McAvan,

Judge.

A father appeals the order terminating his parental rights to his minor child.

**AFFIRMED.**

Patricia J. Lipski, Washington, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney and guardian

ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated the parental rights of the father of a child born in 2022. The father appeals.[1] We review termination-of-parental-rights orders de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). With de novo review, we give weight to the juvenile court's fact findings, but we are not bound by them. *Id.*

Our review of a termination order follows the familiar three-step process of determining (1) whether a statutory ground for termination has been established; (2) whether termination is in the child's best interests; and (3) whether a permissive exception to termination should be applied. *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025). However, we do not address steps not challenged by a parent. *Id.* Because the father does not dispute that a statutory ground for termination has been established and he does not contend a permissive exception applies, we will not address steps one and three. We confine our discussion to the second step, as the only challenge the father raises is his claim that it was not in the child's best interests to terminate his rights. He contends a guardianship with his parents should have been established instead.

Iowa Code section 232.116(2) (2025) provides the framework for our best-interests-of-the-child analysis. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). It requires us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code

---

[1] The juvenile court also terminated the parental rights of the mother of the child. The mother filed notice of appeal, but she later withdrew the notice. As the mother withdrew her appeal, we do not address the termination of the mother's rights.

§ 232.116(2)*.*  In making that determination, we may consider "[w]hether the parent's ability to provide the needs of the child is affected by the parent's mental capacity or mental condition." *Id.* § 232.116(2)(a).  We also consider whether the child has become integrated into the home of a foster family, which includes the home of a family member.  *See id.* § 232.116(2)(b) (listing integration into a foster family as a consideration in the best-interests analysis); *see also id.* § 232.2(23) (defining "foster care" to include an adult relative providing for the child's needs).

Applying these standards with de novo review, we note that the Iowa Department of Health and Human Services stepped in around Christmas 2023 when the child's mother dropped the child off with the child's paternal grandparents and didn't come back as planned to pick up the child.  This quickly led to the juvenile court issuing an order removing the child from the parents' custody. Starting at the time of removal and continuing through the termination hearing about sixteen months later, the father—who has a history of mental-health and substance-use issues—has acknowledged that he is not capable of having the child in his care or custody.  He has never progressed to unsupervised visits with the child.  *See In re L.H.,* 13 N.W.3d 627, 629 (Iowa Ct. App. 2024), *overruled on other grounds by L.A.*, 20 N.W.3d at 534 ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody.").

As for the father's mental-health issues, the father has reported to department workers that he is managing them, but he has steadfastly refused to sign releases that would permit workers to verify his claims.  The credibility of the father's reported management of his mental-health issues is undermined by an episode about two weeks before the termination hearing when he suffered

paranoid delusions that caused him to stop responding to contact attempts from the department, service providers, and family. This resulted in law enforcement conducting a welfare check. When the father was located, details of his delusional state came to light.

In stark contrast to the father's inability to meet the child's needs, both sets of grandparents have stepped in to meet the child's needs, and both have expressed a desire to adopt the child. Currently, the child lives primarily with the child's maternal grandmother, but the paternal grandparents have significant time with the child too. The child is integrated into the homes of and bonded with both sets of grandparents. This is a factor that favors terminating the father's parental rights. *See* Iowa Code § 232.116(2)(b) (listing "whether the foster family is able and willing to permanently integrate the child into the foster family" as a factor in the best-interests analysis).

After considering all these circumstances as part of our de novo review, we conclude that terminating the father's parental rights is in the child's best interests. As for his claim that establishing a guardianship with his parents in lieu of termination is the better alternative, we acknowledge that establishing a guardianship is a potential option. But a guardianship is not legally preferred over termination. *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018). This is especially true with a child as young as this. *See L.A.*, 20 N.W.3d at 533–34 (noting the undesirability of a guardianship as a permanency option when the child is very young). And, to consider a guardianship as an alternative permanency option, we must first determine that termination is not warranted. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order under

section 232.104 only after denying termination); *see also id.* § 232.104(2)(d)(2) (establishing guardianship with an adult relative as a permanency option). But even then, we would have to be convinced that termination is not in the child's best interests before we could order the establishment of a guardianship. *See id.* § 232.104(4)(a) (requiring the court to determine that termination is not in the best interest of the child before the court can enter a permanency order under section 232.104(2)(d)).

Here, a guardianship does not provide the stability the child deserves. While it is a good thing that both sets of grandparents have stepped in to provide care for the child, they have also been feuding as to who gets more time with the child. Going the guardianship route would likely lead to unwanted and unnecessary uncertainty as the grandparents fight over the guardianship now and potentially in the future. Termination leads to more certainty, stability, and finality, and is the better course here. In short, we find termination of the father's parental rights to be in the child's best interests and a better alternative than denying termination and subjecting the child to the uncertainty of a guardianship. As such, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**